```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```
-------------------------------------

POSEIDON SALVAGE MARITIME CO.,

        Plaintiff,

  - against -

SOUTHERN CEMENT COMPANY,

        Defendant.

09 Civ. 8612 (JGK)

ORDER

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/20/09
```

JOHN G. KOELTL, District Judge:

    The Court of Appeals for the Second Circuit recently upheld a district court's vacatur of an order of maritime attachment of electronic fund transfers ("EFTs") of which the defendant was to be the beneficiary. Shipping Corp. of India v. Jaldhi Overseas Pte Ltd., Nos. 08 2477 Civ., 08 3758 Civ., 2009 WL 3319375, at *11 (2d Cir. Oct. 16, 2009). The Court of Appeals remanded the portions of the attachment order affecting EFTs of which the defendant was the originator to the district court to determine if vacatur was also appropriate on those portions of the attachment. Id. However, the Court of Appeals found that "[b]ecause EFTs in the temporary possession of an intermediary bank are not property of either the originator or the beneficiary under New York law, they cannot be subject to attachment under Rule B." Id. The Court noted that it was "probable" that the district court would vacate the entire

attachment order, including EFTs of which the defendant was the originator.  Id.

Rule B of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure only allows for attachment of the defendant's property in the hands of garnishees in this Distrct.  Fed. R. Civ. P. Supp. R. B(1)(a).  Because the Court of Appeals has indicated that EFTs at an intermediary bank are not property that can be attached under Rule B, the plaintiff is directed to submit by **October 30, 2009** a proposed Order vacating the attachment Order in this case and dismissing this action without prejudice.  The proposed Order should also direct the return of any funds that have been obtained by the plaintiff under the attachment Order.  Alternatively, the plaintiff may submit by **October 30, 2009** an affidavit showing why property of the defendant that can be attached pursuant to Rule B may be found in the Southern District of New York or any other reason why the attachment should not be vacated and this action dismissed without prejudice.  The plaintiff may not rely on the possibility that EFTs will pass through this District and cannot argue that the defendant's property hypothetically may be found in this District, but rather must set forth specific facts showing why it is "plausible" that the defendant's property may

be found in this District. See <u>Marco Polo Shipping Co. Pte</u> v. <u>Supakit Prods. Co.</u>, No. 08 Civ. 10940, 2009 WL 562254, at *2 (S.D.N.Y. Mar. 4, 2009).

**SO ORDERED.**

Dated:   New York, New York
         October 19, 2009

                                           /s/ John G. Koeltl
                                         _____
                                           John G. Koeltl
                                         United States District Judge